UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DINO CONSTANCE,

        Petitioner,

   v.

DONALD HOLBROOK,

        Respondent.

CASE NO. C15-5426 RBL-KLS

REPORT AND RECOMMENDATION
**NOTED FOR:  OCTOBER 16, 2015**

Petitioner Dino Constance filed a habeas corpus petition challenging his custody under a state court judgment and sentence.  Dkts. 1, 5.  Respondent contends that Mr. Constance failed to exhaust Claim 9 of his petition, but answered the remaining 11 claims on the merits.  Dkt. 15  Mr. Constance filed a motion to withdraw and dismiss Claim 9 from his petition.  Dkt. 20.  In addition, and unrelated to the dismissal of Claim 9, Mr. Constance moves to stay these proceedings.  Dkts. 14 and 21.

**DISCUSSION**

**A.     Withdrawal of Claim 9**

In Claim 9 of his habeas petition, Mr. Constance contended that the "mental state" jury instructions were defective.  Dkt. 1.  Respondent contends that Claim 9 is not properly exhausted

REPORT AND RECOMMENDATION- 1

because Mr. Constance provided no briefing on this issue to either the Washington Court of Appeals or the Washington Supreme Court.  Dkt. 15, pp. 17-20.

Because one of his claims is not exhausted, Mr. Constance's habeas petition is a "mixed" petition.  When faced with a mixed petition, a district court may generally exercise one of three options: (1) dismiss the mixed petition without prejudice to allow the petitioner to present his unexhausted claims to the state court and then return to federal court to file a new habeas petition containing all of the claims; (2) stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his perfected petition; and (3) allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims.  *See Rhines v. Weber*, 544 U.S. 269, 274-79 (2005).

As noted above, Mr. Constance moved to voluntarily withdraw Claim 9 from his petition, in the "interests of simplifying and expediting" his petition and in light of the relative "minor importance" of the claim. Dkt. 20.  Accordingly, the Court recommends dismissing Claim 9 and proceeding with the remainder of Mr. Constance's petition on the merits.

**B.    Stay / Extension**

Separate from the issue of Claim 9, Mr. Constance filed two motions to stay his petition.  Dkts. 14 and 21.  Mr. Constance was temporarily transferred on July 30, 2015 from the Washington State Penitentiary (WSP) to Clark County for a hearing on Count 4 of his underlying criminal case.  He did not return to WSP until September 9, 2015.  During that time he lacked meaningful access to his materials and research.  The State of Washington dismissed Count 4 and opted not to re-try Mr. Constance. Dkt. 21 at 3.  Mr. Constance states that Count 4 is relevant to his first claim for federal habeas relief and this claim will need to be supplemented in light of this latest development.  *Id.*  Mr. Constance also states that he seeks to retain counsel.

REPORT AND RECOMMENDATION- 2

Mr. Constance specifically states in this motion that he does not wish to litigate Claim 9. *Id.*, at 1 fn.1.

The Court may stay a petition and hold the proceedings in abeyance where the stay would be a proper exercise of discretion. *Rhinesa*, 544 U.S. at 276. If employed too frequently, stays and abeyances have the potential to undermine the twin purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA) -- encouraging finality and streamlining federal habeas proceedings because stays delay resolution and decrease the incentive to exhaust all claims in state court prior to filing the federal petition. *Id*. Therefore, stay and abeyance should be available only in limited circumstances." *Id.*. at 277. A stay is generally appropriate only where the petitioner has not yet exhausted claims in state court, the court determines there was good cause for the failure to exhaust the claims, and the unexhausted claims are not without merit. *Id*.

Mr. Constance has not shown good cause for the requested stay. He does not seek a stay to exhaust state remedies but instead, seeks a stay to allow him additional time to prepare his reply brief, file a supplement to Claim 1, and retain counsel. Respondent is not opposed to an extension to allow Mr. Constance sufficient time to do so. Dkts. 17 and 22.

## CONCLUSION

Accordingly, it is recommended that Petitioner's motion to withdraw Claim 9 (Dkt. 20) be **granted**; Petitioner's motions to stay (Dkts. 14 and 21) be denied; and that Petitioner be **granted a sixty day extension** (until November 16, 2015) to file his reply brief.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit

REPORT AND RECOMMENDATION- 3

1 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 16,**

2 **2015,** as noted in the caption.

DATED this 28th day of September, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION- 4