HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DINO CONSTANCE,<br><br>    Petitioner,<br><br>    v.<br><br>DONALD HOLBROOK,<br><br>    Respondent. | CASE NO. C15-5426 RBL-KLS<br><br>ORDER ON PETITIONER'S OBJECTION<br><br>Dkt. # 54 |

THIS MATTER is before the Court on petitioner Dino Constance's Objection [Dkt. #54] to Hon. Magistrate Judge Karen L. Strombom's Order Denying Petitioner's Motion for Sanctions [Dkt. #49]. Constance is serving a 640-month state sentence for three counts of solicitation of murder in the first degree and one count of solicitation of assault in the second degree. Constance unsuccessfully appealed his convictions in the state courts and now seeks habeas corpus relief under 28 U.S.C. § 2254. In order to plead his case, Constance requested Washington State Penitentiary Warden Donald Holbrook to produce his state court transcripts and briefs, including those from his appeal, pursuant to Rule 5 of the Rules Governing Section 2254 Cases.

Unsatisfied with the record Holbrook initially furnished, Constance brought a motion to compel [Dkt. #25] seeking additional transcripts and post-conviction pleadings, arguing that the

documents are the crux of his case. Holbrook responded that he did include all CrR 7.8 motions, briefs, and orders contained in the state court record. He also offered to produce additional state court transcripts Constance requested (but Rule 5 does not require) if the court ordered him to do so. Magistrate Judge Strombom ordered [Dkt. #30] him to provide the additional transcripts, but not the requested briefs, because Holbrook claimed he had already provided Constance all the pleadings in his possession.

Constance moved for sanctions [Dkt. #47] several months later, alleging that Holbrook failed to act in good faith with regard to document production. He argued that it is not enough for Holbook to say that he has provided all the documents in his possession; instead, Constance contended Rule 5 mandates Holbrook provide all pleadings. He pointed out that six of the eight pleadings he filed with his initial petition were not produced by Holbrook in his Answer, and that he "was forced to provide a small number of the most important documents" in a subsequent pleading. *See* Dkt. #47, p.9. He also claimed that Holbrook's poor responsiveness to his requests and delayed document production warranted sanctions.

Holbrook argued both that he complied with Rule 5 and that Constance failed to demonstrate any misconduct. Magistrate Judge Strombom agreed with Holbrook and denied Constance's motion [Dkt. #49].

Constance objects to Magistrate Judge Strombom's denial of his motion for sanctions and asks this Court to reconsider under 28 U.S.C. §636(b)(1)(A). He argues that Judge Strombom's decision was clearly erroneous because Rule 5 requires production of every pleading. He also contends that because Holbrook has not attempted to remedy this alleged deficiency, this Court should sanction him. Holbrook has not responded.

## DISCUSSION

A district judge may designate a magistrate judge to hear and determine some pretrial matters before the court. *See* 28 U.S.C. §636(b)(1)(A). A judge may reconsider any pretrial matter under subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. *See id.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

In habeas corpus proceedings, the respondent must file with his Answer "any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding." Rules Governing § 2254 Cases 5(d)(1). The Federal Rules supplement the Section 2254 rules where they are not inconsistent. *See* Rules. Governing § 2254 Cases 12.

Fed. R. Civ. P. 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, without factual foundation, or is brought for an improper purpose. *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). By contrast, federal law provides that any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. *See* 28 U.S.C. § 1927. Although Rule 11 sanctions attach only on the basis of the attorney's signature on the pleadings, motion, or other paper, 28 U.S.C. § 1927 sanctions are available for later proceedings. *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1528 (9th Cir. 1990). Failure to respond to document requests can be sanctionable under 28 U.S.C. § 1927. *See id.* § 1927 sanctions must be supported by a finding of

1 | subjective bad faith. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

2 | Tactics undertaken to increase expenses or delay may support a finding of bad faith. *Id.*

3 |       There is no evidence supporting the claim that Holbrook intentionally deprived

4 | Constance full access to his pleadings. Holbrook avers he has provided every pleading he

5 | received from the state, which Constance does not refute. Holbrook is not acting in bad faith

6 | simply because he cannot produce documents he requested but did not receive.

7 |       Nor has Holbrook intentionally delayed Constance's petition in a way that would warrant

8 | sanctions. While Holbrook's alleged failure to fully provide all briefs may be a technical

9 | violation of Rule 5, Constance (unlike Holbrook) already has most of the documents he seeks,

10 | including those he considers the "most important." Constance cannot credibly claim that

11 | Holbrook is delaying his habeas petition by not providing him documents he already largely

12 | possesses.

13 |       Accordingly, because Holbrook's conduct (or lack thereof) does not rise to the level of

14 | subjective bad faith, sanctions are not appropriate. Constance's objection to Magistrate Judge

15 | Strombom's disposition is REJECTED and his motion for sanctions is DENIED. The case is RE-

16 | REFERRED to the Hon. Magistrate Judge Strombom for further proceedings.

17 |       IT IS SO ORDERED.

18 |       Dated this 22nd day of February, 2016.

                                                      */s/ Ronald B. Leighton*
                                                      Ronald B. Leighton
                                                      United States District Judge