HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DINO CONSTANCE,

    Petitioner,

 v.

DONALD HOLBROOK,

    Defendant.

No. 3:15-cv-05426-RAJ

ORDER DENYING PETITIONER'S MOTION TO APPOINT COUNSEL

## I. INTRODUCTION

This matter comes before the Court on Petitioner Dino Constance's ("Petitioner") motion for the appointment of counsel. Dkt. # 93. Petitioner filed two subsequent letters with updates on the circumstances underlying his request for counsel. Dkt. ## 95, 96. Having considered all of Petitioner's filings and the record, the Court **DENIES** Petitioner's request.

## II. BACKGROUND

This case came before the Court on June 24, 2015, when Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 as a pro se litigant. Dkt. # 1. Petitioner sought relief from his conviction by jury verdict for three counts of solicitation to commit

ORDER – 1

1  murder in the first degree. Dkt. # 57 at 1. He raised twelve grounds for relief. *Id.* The
2  Honorable Karen L. Strombom reviewed all grounds for relief, except one which
3  Petitioner moved to withdraw. *Id.* In a 47-page report and recommendation, Judge
4  Strombom recommended denying Petitioner's claims on the merits and denying the
5  issuance of a certificate of appealability. *Id.* at 46.

After Petitioner retained counsel, the parties stipulated to an extension of time to
file objections to the report and recommendation. Dkt. # 59. Petitioner, represented by
counsel, filed preliminary objections, Dkt. # 60, and later moved to continue the date to
file objections and to compel transmission of state court documents, Dkt. # 62. The
Court granted the requests to continue and to compel the state court documents. Dkt.
# 68. The parties later confirmed the receipt and use of such records in a stipulation:

> [B]ecause the Clark County Superior Court supplied copies of the key exhibits
> admitted in the state post-conviction proceedings to counsel for the Petitioner and
> counsel for the Respondent . . . [and] counsel for Petitioner has filed these exhibits
> and other documents from the state record . . . this Court's previously issued order
> that the Clark County Superior Court Clerk transmit certain exhibits and pleadings
> to this Court, Dkt. N. 68, is no longer necessary.

Dkt. # 75.

On June 21, 2016, Petitioner filed objections to the report and recommendation.
Dkt. # 71. After Respondent filed a response to Petitioner's objections, Dkt. # 76,
Petitioner filed a supplement to objections with additional case law supporting one of his
arguments, Dkt. # 77.

In September 2016, the Court adopted Judge Strombom's report and
recommendation denying habeas relief, dismissing the petition with prejudice, and
denying the issuance of a certificate of appealability, and judgment was entered. Dkt.
## 78, 79. Petitioner appealed with the Ninth Circuit; his request for a certificate of
appealability was denied on January 30, 2017. Dkt. # 82. Petitioner then filed a petition
for certiorari, Dkt. # 83; his request was denied later that year, Dkt. # 84. Subsequently,

ORDER – 2

Petitioner's counsel's motion to withdraw as counsel was granted on November 16, 2018. Dkt. # 86.  Several months later, Petitioner filed a petition for a writ of mandamus, which was denied by the Ninth Circuit on August 28, 2019 for failure to demonstrate that the case "warrants the intervention of [the Ninth Circuit Court of Appeals] by means of the extraordinary remedy of mandamus."  Dkt. # 90.  Petitioner again filed a petition for certiorari, which was denied on March 23, 2020.  Dkt. # 92.

On August 24, 2020, Petitioner filed this motion to appoint counsel.  Dkt. # 93. The case, initially assigned to the Honorable Ronald B. Leighton, was subsequently reassigned to the undersigned.  Dkt. # 94.

### III.   DISCUSSION

As a general matter, a plaintiff does not have a right to counsel in civil cases, including federal habeas proceedings.  *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981) (civil cases); *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 1471, 113 L. Ed. 2d 517 (1991) (federal habeas cases).  In federal habeas proceedings, a district court may appoint counsel to a financially eligible person when "the interests of justice so require."  18 U.S.C. § 3006(A).  In certain cases, "exceptional circumstances" may warrant the appointment of counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'"  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

A plaintiff must, however, plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim.  *Agyeman*, 390 F.3d at 1103.  Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil

ORDER – 3

1   case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*
2   *grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served
3   with the assistance of counsel is not the test). A plaintiff must show exceptional
4   circumstances.

5         In his initial motion, Petitioner indicated that he seeks to file a Rule 60(b)(6)
6   motion for relief from a judgment but claimed that he needs the Court to appoint counsel
7   to do so because the law library at his prison is closed. Dkt. # 93 at 1. In his first
8   supplemental letter to the Court, Petitioner again noted that his need for counsel "is tied
9   to the closure of the Law Library," and although the library did reopen, access is
10  extremely limited. Dkt. # 95 at 1. He also pointed to his "deteriorating health" as a
11  factor "making it more and more difficult to litigate in [his] own best interests." *Id.* He
12  cited health issues including "high blood pressure, dangerously high triglyceride
13  levels . . . mild stroke, raging sleep apnea, type 2 Diabetes, diverticulitis, assaults,
14  unrelated fractures, tooth loss due to untreated gum disease, food poisoning, and COVID-
15  19." *Id.* In his second supplemental letter on this motion, Petitioner reiterated his
16  challenge in litigating his case as a result of the COVID-related restrictions on library
17  access. Dkt. # 96 at 1. He also noted that writing is challenging "because of documented
18  injuries to [his] right hand." *Id.* at 1. While he is able to type, his typewriter is broken,
19  and he is having trouble getting it repaired and obtaining a new one. *Id.* at 2.

20        Assuming without deciding that Petitioner is indigent and financially eligible to be
21  appointed counsel, Petitioner has not demonstrated any exceptional circumstances
22  warranting appointment of counsel. First, Petitioner failed to provide any compelling
23  evidence or arguments to suggest his case is likely to succeed on the merits. His main
24  argument is that "the Court issued its ruling on the case in a void; without ever requiring
25  the state to submit the vast majority of the state court record." Dkt. # 93 at 1. He cites a
26  Ninth Circuit case from 2017, *Nasby v. McDaniel*, 853 F.3d 1049, (9th Cir. 2017), as new
27  controlling authority. *Id.* In this case, the Ninth Circuit held that a district court must

28  ORDER – 4

1  "order the State to submit the relevant portions of the state court record and, after
2  examining them, newly adjudicate [an individual's] petition." 853 F.3d at 1054.
3  However, as noted above, his former counsel did, in fact, move the Court to order the
4  state court to provide such additional records, *see* Dkt. # 62, and the Court granted the
5  motion, *see* Dkt. # 68. The parties subsequently confirmed receipt of the necessary
6  portions of the record. Dkt. # 75.

   In his objections to the report and recommendation, Petitioner made no claim that he was unable to obtain the necessary records from the state court. Dkt. # 71. In fact, he—represented by his counsel—argued the merits of the findings and conclusions of the report and recommendation based upon the exhibits and documents obtained from the state court. *See, e.g.*, *id.* at 3 n.5; *id.* at 8 n.14. Beyond Petitioner's vague contention that "a very large and critically important portion of the state record" was never submitted for review, he fails to identify any exculpatory evidence that is contained therein. Dkt. # 93. The Court thus finds that Petitioner has not shown a likelihood of success on the merits.

   Second, Petitioner's pro se filings demonstrate that he has sufficient ability to articulate legal arguments. The Court finds that the new issue he raises—that significant required portions of the state court record were not produced here—is not sufficiently complex to warrant the appointment of counsel. In the absence of legal complexity and a failure to show a likelihood of success, the Court finds that Petitioner has not demonstrated exceptional circumstances warranting the appointment of counsel. While Petitioner's health appears to have deteriorated while in prison, it has not prevented him from filing motions with this Court or obtaining advice from attorneys. *See id.* at 1. Limited access to the law library and challenges in repairing a typewriter, though inconvenient, do not establish exceptional circumstances.

///
///
///

ORDER – 5

## II.     CONCLUSION

For the reasons stated above, Petitioner's motion for the appointment of counsel is **DENIED.** Dkt. # 93.

DATED this 16th day of February, 2021.

_____

The Honorable Richard A. Jones
United States District Judge

ORDER – 6