HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DINO CONSTANCE,

        Petitioner,

v.

DONALD HOLBROOK,

        Defendant.

No. 3:15-cv-05426-RAJ

ORDER

## I.  INTRODUCTION

This matter comes before the Court on three motions field by Petitioner Dino Constance ("Petitioner"). First, Petitioner filed a motion for an indefinite extension to file a motion for reconsideration on the Court's Order Denying Petitioner's Motion to Appoint Counsel. Dkt. # 103. Petitioner also "request[ed] a second appointment of counsel to file a civil suit against [a prison official]" and his prison facility for violating his right to access the courts. Dkt. # 103. *Id.* at 2. Five days later, Petitioner filed a supplement to his motion, noting that the "primary purpose [of his prior motion] was to request a stay in the previous matter," as opposed to a request for appointment for counsel. Dkt. # 104. Several days later, Petitioner filed a motion in which he requested a

ORDER – 1

30-day extension in place of his request for an indefinite extension to file a motion for reconsideration. Dkt. # 105. He also "renew[ed] [his] secondary request for appointment of counsel to sue DOC/CRCC for interference with access to the courts." *Id.* at 1. Petitioner further moved the Court to enter an order compelling staff at the prison who are in possession of his typewriter to return it immediately. *Id.* The Court will consider each request in turn.

## II. DISCUSSION

On February 26, 2021, Petitioner, proceeding *pro se* while incarcerated, moved the Court for a 21-day extension to file a motion for reconsideration on the Court's order, which was due on March 2, 2021, citing limited access to the law library due to COVID restrictions. Dkt. # 98. The Court granted the request and extended the deadline to March 25, 2021. Dkt. # 99. On March 22, 2021, Petitioner filed a motion seeking an additional 21-day extension based on his broken typewriter, upon which he depends for drafting his motion due to his injured right hand that precludes him from writing. Dkt. # 100 at 1. The Court granted the second request for an extension of time. Dkt. # 102.

**A. Extension of Time to File Motion for Reconsideration**

Petitioner's pending request for an extension of 30 days is based on similar reasoning—his challenges in obtaining his typewriter, which he requires to draft motions due to his injury. A court may, for good cause, extend the time by which an act must be done if a request is made before the original time expires. Fed. R. Civ. P. 6(b). According to Local Rule 7(j), "[a] motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline," unless the motion is based on a "true, unforeseen emergency." Local Rules W.D. Wash. LCR 7(j). In the prior motion for an extension of time, Petitioner alleged that his right hand was injured, and he was therefore unable to write a lengthy motion by hand. Dkt. # 100 at 1. The Court found that Plaintiff provided good cause for an extension of time based on his inability to draft his motion by hand and

ORDER – 2

the confirmed breakdown of his typewriter. *See* Dkt. 100 at 2.

Petitioner now seeks an additional extension for 30 days due to challenges in getting the typewriter fixed again and then obtaining it from prison officials once it was returned to the prison facility. Dkt. # 105 at 1. Petitioner also cites limited law library access as a reason for an extension. *Id.* The Court recognizes the ongoing challenges associated with COVID-related restrictions and finds no reason to doubt Petitioner's allegations of delay in obtaining his typewriter. The Court also notes that Petitioner moved for an extension in advance of the deadline. *See* Dkt. # 103. The Court therefore **GRANTS** Petitioner's motion for an extension of time to 30 days from the date of this Order. Dkt. # 105.

**B. Request for Appointment of Counsel for Interference With Access to the Courts Claim**

Plaintiff also seeks to "renew" his "secondary request for appointment of counsel to sue [the Department of Corrections and his facility] for interference with access to the courts." Dkt. # 105 at 1. The Court reiterates the law on the appointment of counsel as provided in its prior order denying Petitioner's motion for appointment of counsel. Dkt. # 97. A plaintiff does not have a right to counsel in civil cases, including federal habeas petitions. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981) (civil cases); *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 1471, 113 L. Ed. 2d 517 (1991) (federal habeas cases). In federal habeas proceedings, a district court may appoint counsel to a financially eligible person when "the interests of justice so require." 18 U.S.C. § 3006(A).

In certain cases, "exceptional circumstances" may warrant the appointment of counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the

ORDER – 3

legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must, however, plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103. Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test). A plaintiff must show exceptional circumstances.

Here, Petitioner moves the Court to appoint counsel to file a new claim against the Department of Corrections and his own prison facility "for interference with access to the courts." Dkt. # 105 at 1. Similar to his prior request for appointment of counsel related to his federal habeas petition, Petitioner has not demonstrated exceptional circumstances that warrant appointment of counsel. Nor has he provided any compelling arguments to suggest his claim is likely to succeed on the merits beyond asserting that prison staff "simply must learn some respect for the court's timelines and inmates' deadlines or problems like this will never end." *Id.* Moreover, such a claim is not particularly complex. Petitioner's *pro se* filings have shown that he has sufficient ability to articulate legal arguments. The Court finds no reason why he is unable to articulate a claim against prison officials for failing to timely provide him with his typewriter. For these reasons, the Court **DENIES** his request for counsel on this claim. *Id.*

**C. Request for Order Compelling Return of Property**

Petitioner requests that the Court issue an order compelling prison staff who are in possession of his typewriter to return it to him immediately. Dkt. # 105 at 1. In the April 19, 2021 motion, Petitioner indicated that the typewriter was fixed and picked up by prison officials three days earlier on April 16, 2021. The Court expects that the typewriter is now in the possession of Petitioner. Having granted Petitioner a 30-day

ORDER – 4

extension in which to file his motion for reconsideration, the Court **DENIES** Petitioner's request for an order compelling the return of his typewriter as moot. *Id*. Having considered all of Petitioner's challenges, the Court expects that Petitioner should have no further difficulties in filing a motion, if he chooses to do so, within the 30-day deadline.

### III. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) Petitioner's request for an extension of time to 30 days from the date of this Order to file a motion for reconsideration on the Court's Order Denying Petitioner's Motion to Appoint Counsel, Dkt. # 105, is **GRANTED**;

2) Petitioner's request for appointment of counsel to file an action based on interference with access to the courts, Dkt. # 105, is **DENIED**; and

3) Petitioner's request for an order compelling a return of property, Dkt. # 105, is **DENIED** as moot.

DATED this 28th day of April, 2021.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5