HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DINO CONSTANCE,

        Petitioner,

  v.

DONALD HOLBROOK,

        Defendant.

No. 3:15-cv-05426-RAJ

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

## I.   INTRODUCTION

THIS MATTER comes before the Court on Petitioner Dino Constance's ("Petitioner") motion for reconsideration of the Court's order denying appointment of counsel. Dkt. 108. Having considered all of Petitioner's filings and the record, the Court **DENIES** Petitioner's motion for reconsideration.

## II.   BACKGROUND

On June 24, 2015, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. 1. Petitioner sought relief from his conviction by jury verdict for three counts of solicitation to commit murder in the first degree. Dkt. 57 at 1. He raised twelve grounds for relief. *Id.* The Honorable Karen L. Strombom reviewed all grounds

ORDER – 1

for relief, except one which Petitioner moved to withdraw. *Id.* In a 47-page report and recommendation, Judge Strombom recommended denying Petitioner's claims on the merits and denying the issuance of a certificate of appealability. *Id.* at 46.

After Petitioner retained counsel, the parties stipulated to an extension of time to file objections to the report and recommendation. Dkt. 59. Petitioner, represented by counsel, filed preliminary objections, Dkt. 60, and later moved to continue the date to file objections and to compel transmission of state court documents, Dkt. 62. The Court granted the requests to continue and to compel the state court documents. Dkt. 68. The parties later confirmed the receipt and use of such records in a stipulation:

> [B]ecause the Clark County Superior Court supplied copies of the key exhibits admitted in the state post-conviction proceedings to counsel for the Petitioner and counsel for the Respondent . . . [and] counsel for Petitioner has filed these exhibits and other documents from the state record . . . this Court's previously issued order that the Clark County Superior Court Clerk transmit certain exhibits and pleadings to this Court, Dkt. N. 68, is no longer necessary.

Dkt. 75.

On June 21, 2016, Petitioner filed objections to the report and recommendation. Dkt. 71. After Respondent filed a response to Petitioner's objections, Dkt. 76, Petitioner filed a supplement to objections with additional case law supporting one of his arguments, Dkt. 77.

In September 2016, the Court adopted Judge Strombom's report and recommendation denying habeas relief, dismissing the petition with prejudice, and denying the issuance of a certificate of appealability, and judgment was entered. Dkt. 78, 79. Petitioner appealed with the Ninth Circuit; his request for a certificate of appealability was denied on January 30, 2017. Dkt. 82. Petitioner then filed a petition for certiorari, Dkt. 83; his request was denied later that year, Dkt. 84. Subsequently, Petitioner's counsel's motion to withdraw as counsel was granted on November 16, 2018. Dkt. 86.

ORDER – 2

|   |   |
|---|---|
| 1 | Several months later, Petitioner filed a petition for a writ of mandamus, which was denied by the Ninth Circuit on August 28, 2019 for failure to demonstrate that the case "warrants the intervention of [the Ninth Circuit Court of Appeals] by means of the extraordinary remedy of mandamus." Dkt. 90. Petitioner again filed a petition for certiorari, which was denied on March 23, 2020. Dkt. 92. |

Several months later, Petitioner filed a petition for a writ of mandamus, which was denied by the Ninth Circuit on August 28, 2019 for failure to demonstrate that the case "warrants the intervention of [the Ninth Circuit Court of Appeals] by means of the extraordinary remedy of mandamus." Dkt. 90. Petitioner again filed a petition for certiorari, which was denied on March 23, 2020. Dkt. 92.

On August 24, 2020, Petitioner filed a motion to appoint counsel. Dkt. 93. The case, initially assigned to the Honorable Ronald B. Leighton, was subsequently reassigned to the undersigned. Dkt. 94. On February 16, 2021, the Court denied Petitioner's motion to appoint counsel. Dkt. 97. Petitioner then moved the Court for three extensions to file a motion for reconsideration of the Court's order. Dkt. 98, 100, 105. The Court granted each motion. Dkt. 99, 102, 106. Petitioner timely filed the instant motion for reconsideration. Dkt. 108.

### III.    DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides the following:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h)(1).

In the pending motion, Petitioner has not presented any legal authority to serve as a basis for the Court's reconsideration of its prior order. Indeed, as the Court noted in its prior order, a plaintiff does not have a right to counsel in civil cases, including federal habeas proceedings, as a general matter. *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981) (civil cases); *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S. Ct. 1454, 1471, 113 L. Ed. 2d 517 (1991) (federal habeas cases). Although most parties would benefit from representation by an attorney, that is not the standard for appointment of

ORDER – 3

counsel in a civil case. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test).

In certain cases, "exceptional circumstances" may warrant the appointment of counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must, however, plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim. *Agyeman*, 390 F.3d at 1103.

As the Court explained in its prior order, Petitioner had not demonstrated any exceptional circumstances warranting appointment of counsel. Petitioner's pro se filings demonstrate that he has sufficient ability to articulate legal arguments. The Court found that the new issue he raised—that significant required portions of the state court record had not been produced—was not sufficiently complex to warrant the appointment of counsel. The Court therefore denied appointment of counsel in the absence of exceptional circumstances.

The Court finds no basis to reconsider its decision. In his motion for reconsideration, Petitioner has failed to show manifest error in the prior ruling or proffer new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Reconsideration of the Court's order denying appointment of counsel is therefore unwarranted, and the Court DENIES the motion.

/ /

/ /

ORDER – 4

## IV. CONCLUSION

For the reasons stated above, Petitioner's motion for reconsideration of the Court's order denying the appointment of counsel is **DENIED**.  Dkt. 108.

DATED this 5th day of January, 2022.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5