HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DINO CONSTANCE, | No. 3:15-cv-05426-RAJ |
| Petitioner, | |
| v. | |
| DONALD HOLBROOK, | ORDER |
| Defendant. | |

## I. INTRODUCTION

THIS MATTER comes before the Court on Petitioner Dino Constance's ("Petitioner") motion for relief under Rule 60(b). Dkt. # 115. Having considered all of Petitioner's filings and the record, the Court **DENIES** Petitioner's motion.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Petitioner is serving a 640-month sentence as a result of a jury trial conviction on multiple counts. Dkt. # 1. On June 24, 2015, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. # 1. Petitioner sought relief from his conviction by jury verdict for three counts of solicitation to commit murder in the first degree. Dkt. # 57

ORDER – 1

at 1. In his initial habeas petition, Petitioner raised twelve grounds for relief. Dkt. # 1 at 6-28. The Honorable Karen L. Strombom reviewed all grounds for relief, except one which Petitioner moved to withdraw. Dkt. # 57 at 1. In a 47-page report and recommendation ("R&R"), Judge Strombom recommended denying Petitioner's claims on the merits and denying the issuance of a certificate of appealability. *Id.* at 46.

After Petitioner retained counsel, the parties stipulated to an extension of time to file objections to the report and recommendation. Dkt. # 59. Petitioner, represented by counsel, filed preliminary objections, Dkt. # 60, and later moved to continue the date to file objections and to compel transmission of state court documents, Dkt. # 62. The Court granted the requests to continue and to compel the state court documents. Dkt. # 68. The parties later confirmed the receipt and use of such records in a stipulation:

> [B]ecause the Clark County Superior Court supplied copies of the key exhibits admitted in the state post-conviction proceedings to counsel for the Petitioner and counsel for the Respondent . . . [and] counsel for Petitioner has filed these exhibits and other documents from the state record . . . this Court's previously issued order that the Clark County Superior Court Clerk transmit certain exhibits and pleadings to this Court, Dkt. N. 68, is no longer necessary.

Dkt. #75.

On June 21, 2016, Petitioner filed objections to the report and recommendation. Dkt. # 71. After Respondent filed a response to Petitioner's objections, Dkt. # 76, Petitioner filed a supplement to objections with additional case law supporting one of his arguments, Dkt. # 77.

In September 2016, the Court adopted Judge Strombom's report and recommendation denying habeas relief, dismissing the petition with prejudice, and denying the issuance of a certificate of appealability, and judgment was entered. Dkt. ## 78, 79. Petitioner appealed to the Ninth Circuit; his request for a certificate of appealability was denied on January 30, 2017. Dkt. # 82. Petitioner then filed a petition for certiorari, Dkt. # 83; his request was denied later that year, Dkt. # 84. Subsequently,

ORDER – 2

Petitioner's counsel's motion to withdraw as counsel was granted on November 16, 2018. Dkt. # 86.

Several months later, Petitioner filed a petition for a writ of mandamus, which was denied by the Ninth Circuit on August 28, 2019 for failure to demonstrate that the case "warrants the intervention of [the Ninth Circuit Court of Appeals] by means of the extraordinary remedy of mandamus." Dkt. # 90. The Court further noted that it would not entertain any further filings in this "closed case." *Id.* Petitioner again filed a petition for certiorari, which was denied on March 23, 2020. Dkt. # 92.

On August 24, 2020, Petitioner filed a motion to appoint counsel. Dkt. # 93. The case, initially assigned to the Honorable Ronald B. Leighton, was subsequently reassigned to the undersigned. Dkt. # 94. On February 16, 2021, the Court denied Petitioner's motion to appoint counsel. Dkt. # 97. Petitioner then moved the Court for three extensions to file a motion for reconsideration of the Court's order. Dkt. ## 98, 100, 105. The Court granted each motion. Dkt. ## 99, 102, 106. On May 27, 2021, Petitioner filed a motion for reconsideration of this Court's order denying Petitioner's motion to appoint counsel. Dkt. # 108. On August 11, 2021, Petitioner filed a motion to stay determination of the May 2021 motion for reconsideration until further notice. Dkt. # 110. A few weeks later, on August 31, 2021, Petitioner withdrew the motion to stay. Dkt. # 111. On January 5, 2022, this Court denied Petitioner's motion for reconsideration. Dkt. # 113. On February 11, 2022, Petitioner filed the instant motion for relief under Rule 60(b).

### III.   DISCUSSION

Petitioner brings his motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening his case, under a limited set of circumstances." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S.Ct.

ORDER – 3

2641, 162 L.Ed.2d 480 (2005)). Petitioner seeks relief under Rule 60(b)(6), which permits reopening for "any… reason that justifies relief" other than the more specific reasons set forth in Rule 60(b)(1)-(5). Fed. R. Civ. P. 60(b)(6). A proper Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. A movant seeking Rule 60(b)(6) relief must show "extraordinary circumstances justifying the reopening of a final judgment." *Id.* at 535 (citing *Ackermann v. United States*, 340 U.S. 193, 199, 95 L.Ed. 207, 71 S.Ct. 209 (1950)). Relief under this subsection is used sparingly, and "rarely occur[s] in the habeas context." *Id.*

Petitioner argues that the prior habeas proceedings are defective in several ways: (1) the Respondent failed to provide most of the relevant state court record, in violation of *Nasby v. McDaniel*, 853 F.3d 1049 (9th Cir. 2017); (2) the District Court failed to provide *de novo* review of the Magistrate Judge's report and recommendation and prevented Petitioner from obtaining meaningful appellate review; (3) the Court failed to reach Petitioner's cumulative *Brady* claim. Dkt. # 115 at 13-30.

**a. Failure to Provide Relevant State Court Record**

Petitioner argues that the prior proceedings have been "fatally flawed and fundamentally unfair," Dkt. # 115 at 1, because the Court failed to conduct a review of the full, relevant state court record and Petitioner's objections to the Report and Recommendation. Petitioner claims that the post-conviction record before the Court is "grossly incomplete" and is "lost or suppressed," *Id.* at 12, leading to a violation of *Nasby*. In *Nasby*, the Ninth Circuit held that a district court must "order the State to submit the relevant portions of the state court record and, after examining them, newly adjudicate [Petitioner's] petition." 853 F.3d at 1054. Here, the Court did just that. Petitioner's former counsel moved the Court to order the state court to provide additional records, Dkt. # 62, and the Court granted the motion, Dkt. # 68. Both parties then confirmed receipt of the necessary portions of the record. Dkt. #75.

ORDER – 4

1  While Petitioner argues that the Court's order adopting the Report and
2  Recommendation was entered without access to the full record, Petitioner (through his
3  counsel) has conceded that the full record was in fact filed with the clerk and reviewed by
4  the Court prior to the entry of the order and the judgment which dismissed Petitioner's
5  habeas claims. Dkt. 80 at 54-55. Indeed, Petitioner argued the merits of the findings and
6  conclusions of the Report and Recommendation based upon the exhibits and documents
7  obtained from the state court in his objections. *See, e.g.*, Dkt. # 71 at 3 n.5; *id.* at 8 n.14. It
8  is clear that all parties and the Court had access to the state court record before the Court
9  issued its order adopting the Report and Recommendation.

### b. *De Novo* Review of the Report and Recommendation

Petitioner asserts that the Court failed to review the relevant state court record (that it ordered be produced) and that the Court's order adopting the Report and Recommendation did not reach the *de novo* standard of review, thereby depriving him of a basis for appellate review. Dkt. # 115 at 18-21. Besides Petitioner's assumption that it was "completely impossible" for the Court to review the records produced and his vague contention that the Court only approved the Report and Recommendation out of "frustration," *id.* at 14, Petitioner points to nothing in the record to suggest that the Court did not have access to the relevant record at the time it issued its order and that it did not conduct a full review of Judge Strombom's well-reasoned and well-supported decision.

Additionally, the Court of Appeals was not denied an opportunity to conduct a full appellate review, as the district court's denial for a writ of habeas corpus is reviewed *de novo*. *Varghese v. Uribe*, 720F.3d 1100, 1105 (9th Cir. 2013). Findings of fact made by the district court are reviewed for clear error, *Mendoza v. Carey*, 449 F.3d 1065, 1068, and the Court of Appeals may affirm on any ground supported by the record. *Varghese*, 720 F.3d at 1105. Here, this record would include not just this Court's order adopting the Report and Recommendation, but also the Report and Recommendation itself. There is nothing in the record to suggest that the Court's September 1, 2016 Order in any way

ORDER – 5

precluded appellate review.

### c. Cumulative *Brady* Claim

Lastly, Petitioner asserts that the Court failed to adjudicate Petitioner's "cumulative *Brady*" claim that was raised in his habeas petition and in the objections to the report and recommendation. Dkt. # 115 at 23-24. However, Judge Strombom's Report and Recommendation did in fact address Petitioner's multiple *Brady* claims, Dkt. # 57 at 15-25, and his cumulative error claim, *Id.* at 45-46. In both instances, the Court rejected those claims and found that the decision of the Washington Court of Appeals was not contrary to or an unreasonable application of clearly established federal law. *Id.* at 25, 45-46. Specifically addressing Petitioner's cumulative error argument, the Court found that the alleged errors were insufficient to require habeas relief and did not become meritorious by aggregating the alleged errors into one claim. *Id.* at 45; *see also Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987).

Although Petitioner states that he "is not re-raising a previously litigated issue," Dkt. # 115 at 24, this assertion is a re-tread of arguments already raised in his objections to the Report and Recommendation, Dkt. # 71, and in Petitioner's Motion for a Certificate of Appealability, Dkt. # 80. However, even if Judge Strombom had not addressed Petitioner's "cumulative *Brady*" claim in the report and recommendation, Petitioner would not necessarily be entitled to Rule 60(b) relief. "While a claim not adjudicated on the merits is not considered a successive [habeas] petition, that does not automatically mean [Petitioner] has met his burden for the Court to grant his 60(b)(6) motion and reopen his case." *McGary v. Richards*, No. C09-5156 BHS, 2013 WL 1010746, at *4 (W.D. Wash. Mar. 14, 2013). The Court finds that the type of extraordinary circumstances warranting relief under Rule 60(b)(6) are not present here. At the time of its order, the Court reviewed Judge Strombom's Report and Recommendation and the relevant record, including the multiple state court documents that were produced by the Clark County Superior Court Clerk and Petitioner's objections,

ORDER – 6

Dkt. ## 71, 77, and determined that Judge Strombom's reasoning was sound. Dkt. ## 78, 79. The arguments advanced by Petitioner primarily restate the many arguments raised in his habeas petition and in his objections, and do not demonstrate any error in the Court's judgment. Petitioner "supplies no reasoning that demonstrates a defect in the integrity of the habeas proceedings, any error in the Court's habeas ruling showing that dismissal of his claims was improper… or that extraordinary circumstances warrant relief." *McGary*, 2013 WL 1010746, at * 4 (citing *Gonzalez*, 545 U.S. at 532).

## IV.   CONCLUSION

For the reasons stated above, Petitioner's motion for relief under Rule 60(b) is **DENIED**.

DATED this 30th day of September, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 7