HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DINO CONSTANCE,

        Petitioner,

  v.

DONALD HOLBROOK,

        Defendant.

No. 3:15-cv-05426-RAJ

ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

## I. INTRODUCTION

This matter comes before the Court on Petitioner Dino Constance's ("Petitioner") motion for reconsideration of the Court's order denying Petitioner's motion for relief under Rule 60(b). Dkt. #120. Having considered all of Petitioner's filings and the record, the Court **DENIES** Petitioner's motion for reconsideration.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Petitioner is serving a 640-month sentence as a result of a jury trial conviction on multiple counts. Dkt. # 1. On June 24, 2015, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Dkt. # 1. Petitioner sought relief from his conviction by

ORDER – 1

jury verdict for three counts of solicitation to commit murder in the first degree. Dkt. # 57 at 1. In his initial habeas petition, Petitioner raised twelve grounds for relief. Dkt. # 1 at 6-28. The Honorable Karen L. Strombom reviewed all grounds for relief, except one which Petitioner moved to withdraw. Dkt. # 57 at 1. In a 47-page report and recommendation ("R&R"), Judge Strombom recommended denying Petitioner's claims on the merits and denying the issuance of a certificate of appealability. *Id*. at 46.

After Petitioner retained counsel, the parties stipulated to an extension of time to file objections to the report and recommendation. Dkt. # 59. Petitioner, represented by counsel, filed preliminary objections, Dkt. # 60, and later moved to continue the date to file objections and to compel transmission of state court documents, Dkt. # 62. The Court granted the requests to continue and to compel the state court documents. Dkt. # 68. The parties later confirmed the receipt and use of such records in a stipulation. Dkt. # 75.

On June 21, 2016, Petitioner filed objections to the R&R. Dkt. # 71. After Respondent filed a response to Petitioner's objections, Dkt. # 76, Petitioner filed a supplement to objections with additional case law supporting one of his arguments, Dkt. # 77.

In September 2016, the Court adopted Judge Strombom's R&R denying habeas relief, dismissing the petition with prejudice, and denying the issuance of a certificate of appealability, and judgment was entered. Dkt. ## 78, 79. Petitioner appealed to the Ninth Circuit; his request for a certificate of appealability was denied on January 30, 2017. Dkt. # 82. Petitioner then filed a petition for certiorari, Dkt. # 83; his request was denied later that year, Dkt. # 84. Subsequently, Petitioner's counsel's motion to withdraw as counsel was granted on November 16, 2018. Dkt. # 86.

Several months later, Petitioner filed a petition for a writ of mandamus, which was denied by the Ninth Circuit on August 28, 2019, for failure to demonstrate that the case "warrants the intervention of [the Ninth Circuit Court of Appeals] by means of the extraordinary remedy of mandamus." Dkt. # 90. The Court further noted that it would not

ORDER – 2

1 | entertain any further filings in this "closed case." *Id.* Petitioner again filed a petition for
2 | certiorari, which was denied on March 23, 2020. Dkt. # 92.

On August 24, 2020, Petitioner filed a motion to appoint counsel. Dkt. # 93. The case, initially assigned to the Honorable Ronald B. Leighton, was subsequently reassigned to the undersigned. Dkt. # 94. On February 16, 2021, the Court denied Petitioner's motion to appoint counsel. Dkt. # 97. Petitioner then moved the Court for three extensions to file a motion for reconsideration of the Court's order. Dkt. ## 98, 100, 105. The Court granted each motion. Dkt. ## 99, 102, 106. On May 27, 2021, Petitioner filed a motion for reconsideration of this Court's order denying Petitioner's motion to appoint counsel. Dkt. # 108. On August 11, 2021, Petitioner filed a motion to stay determination of the May 2021 motion for reconsideration until further notice. Dkt. # 110. A few weeks later, on August 31, 2021, Petitioner withdrew the motion to stay. Dkt. # 111. On January 5, 2022, this Court denied Petitioner's motion for reconsideration. Dkt. # 113. On February 11, 2022, Petitioner filed a motion for relief under Rule 60(b). Dkt # 115. The Court denied Petitioner's 60(b) motion for relief on September 30, 2022. Dkt. # 120. Petitioner then filed a timely motion for reconsideration of this Court's order denying Petitioner's 60(b) motion for relief. Dkt. # 121.

## II.   DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Petitioner has failed to meet this standard.

Petitioner filed a motion for reconsideration seeking review of this Court's order denying relief under Rule 60(b) which "allows a party to seek relief from a final judgment, and request reopening his case, under a limited set of circumstances*." Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528,

ORDER – 3

125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)). To prevail on a motion brought under Rule 60(b)(3), "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly presenting the case*." In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1404-05 (9th Cir. 1987). "The rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Id.* Additionally, Rule 60(b)(6) allows a court to relieve a party from a final judgment or order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Petitioner primarily argues that (1) the Court failed to properly acknowledge the full record due to fraud by the opposing party and procedural error by this Court warranting relief under 60(b); and (2) the Court failed to conduct a proper cumulative *Brady* analysis resulting in defective habeas review. Dkt. # 121.

### a. Petitioner's 60(b) claims

Petitioner sought relief under 60(b)(3) alleging that the opposing party engaged in fraud for withholding a "critical portion of the record" resulting in the Court's inability to "perform its regular task of fairly adjudicating" the case. Dkt. # 121 at 2. However, the Court previously acknowledged that "Petitioner's former counsel moved the Court to order the state court to provide additional records, Dkt. # 62, and the Court granted the motion, Dkt. # 68. Both parties then confirmed receipt of the necessary portions of the record. Dkt. #75." Dkt. #120 at 4.

Petitioner also sought relief under Rule 60(b)(6), which requires a movant to show "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (citing *Ackermann v. United States*, 340 U.S. 193, 199, 95 L.Ed. 207, 71 S.Ct. 209 (1950)). Relief under this subsection is used sparingly, and "rarely occur[s] in the habeas context." *Id.* Petitioner argues that the Court acted with "extraordinary irregularity/procedural error" by failing to properly acknowledge parts of the record that

ORDER – 4

were entered after the magistrate judge had conducted her R&R report. Dkt. #121 at 3. Additionally, Petitioner claims that he did not receive a proper habeas review because "the evidence that was critical to support Petitioner's grounds was not received by the Court until after the magistrate completed her review and issued her R&R," Dkt. # 121 at 2, and that there is "no evidence that the district court judge ever saw more of the relevant record than the magistrate," *id*. at 3.

However, Petitioner later concedes in his motion that "the district judge made reference to the record and stated that he had reviewed it." *Id*. at 3-4. Besides Petitioner's assumption that the district judge did not properly review the record because the district judge "would have offered at least some comment or correction," *id*. at 4, Petitioner fails to point to any evidence in the record to suggest that the Court did not conduct a full review of the record prior to its adoption of the R&R. Therefore, Petitioner's allegations are meritless.

### b. Petitioner's cumulative *Brady* claim

Lastly, Petitioner asserts that the Court failed to adjudicate Petitioner's "cumulative *Brady*" claim that was raised in his habeas petition and his objections to the R&R. *Id.* at 5. Regarding Petitioner's claim, the Court previously ruled:

> However, Judge Strombom's [R&R] did in fact address Petitioner's multiple *Brady* claims, Dkt. # 57 at 15-25, and his cumulative error claim. *Id.* at 45-46. In both instances, the Court rejected those claims and found that the decision of the Washington Court of Appeals was not contrary to or an unreasonable application of clearly established federal law. *Id.* at 25, 45- 46. Specifically addressing Petitioner's cumulative error argument, the Court found that the alleged errors were insufficient to require habeas relief and did not become meritorious by aggregating the alleged errors into one claim. *Id.* at 45; see also *Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987).

Dkt. # 120 at 6.

The Court has already ruled on this matter twice, *see* Dkt. ## 78, 120, and declines

ORDER – 5

to reiterate its reasoning a third time given Petitioner's failure to present new facts or legal authority compelling a different result.

### III.   CONCLUSION

The Court, after reviewing Judge Strombom's well-reasoned R&R, the relevant record, and Petitioner's motion, has determined that Petitioner's arguments fail to demonstrate a manifest error in the Court's ruling or provide new facts or legal authority that the Court has not already properly considered. Therefore, Petitioner's motion for reconsideration of the Court's order denying Petitioner's motion for relief under Rule 60(b) is **DENIED**.

DATED this 26th day of January, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 6